UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW DAVID SLUSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-0417 (ESH) |
| | ) |
| UNITED STATES CITIZENSHIP AND | ) |
| IMMIGRATION SERVICES *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OPINION**

In this action brought *pro se*, plaintiff, a federal prisoner, seeks to compel the United States Citizenship and Immigration Services ("USCIS") or the Department of State ("State Department") "to issue . . . a Certificate of Loss of Nationality pursuant to 8 U.S.C. [§] 1481(a)(2)" or "to act upon [his] multiple additional requests for expatriation under [§] 1481(a)(6), being that at the time of [his] request, the United States was in a qualifying state of war as per the statute."  (Am. Compl. [Dkt. # 11] at 1-2.)  Plaintiff purports to sue under the "the Administrative Procedures Act, 5 U.S.C. [§] 700 et seq." (Compl. [Dkt. # 1] at 1.)[1]  Since plaintiff seeks to compel agency action, the Court construed the complaint as an action for relief under 28 U.S.C. § 1361 and directed the defendants to show cause why a writ of mandamus should not issue.  Order (Jun. 13, 2012) [Dkt. # 8].

---

[1]  Since plaintiff's amended complaint serves only to amend the relief sought from the complaint, *see generally* Mot. to Amend Relief Sought, it does not supersede the original complaint, which remains operative.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (requiring liberal construction of *pro se* filings); *Richardson v. U.S.*, 193 F.3d 545, 548 (D.C. Cir. 1999) (absent any indication of prejudice to the defendant, a court should read "all of the plaintiff's [*pro se*] filings together").

1

Defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Defs.' Mot. to Dismiss Pl.'s Am. Complaint [Dkt. # 14].) Since the USCIS has now performed its ministerial duty with regard to plaintiff's request to renounce his citizenship under § 1481(a)(6), the Court will grant defendants' motion to dismiss the mandamus claim as moot. In addition, the Court finds that plaintiff has stated no claim under the APA and, therefore, will dismiss the case.

## BACKGROUND

The facts as alleged in plaintiff's complaint and supported by the attachments ("Attach.") are as follows. On September 7, 2010, plaintiff "officially renounced his citizenship by taking an oath while in Toronto, Ontario, Canada . . . at a Services Canada Government Center . . . and receiv[ing] his Canadian SIN (social insurance number)." (Compl. at 2 & Attach. A.) On September 15, 2010, before he could relocate to Toronto, plaintiff "was subjected to a search and arrest warrents [sic]. [He] has been since incarcerated[]" in the United States.[2] (Compl. at 2.)

On July 8, 2011, plaintiff "sent an affidavit [and] separate request for expatriation" to the USCIS, stating that he is "a dual citizen of the United States and Canada[,]" who is renouncing his U.S. citizenship "[p]ursuant to 8 U.S.C. § 1481(a)(6) . . . ." (Attach. B.) Thereafter, plaintiff received an unsigned letter dated July 25, 2011, from the State Department advising him that "one can only renounce one's U.S. citizenship pursuant to Section 359(a)(5) of the Immigration and Nationality Act ["INA"] before a U.S. diplomatic or consular office at a U.S. embassy or consulate abroad[,]" and that questions about renouncing "one's U.S. citizenship pursuant to

---

[2] Plaintiff is serving a prison sentence of 396 months imposed by the United States District Court for the District of Maryland on March 12, 2012, following his plea of guilty to one count of advertising child pornography. (Defs.' Ex. 1, Criminal Judgment [Dkt. # 14-1].)

Section 349(a)(6) . . . must be directed to USCIS." (Attach. C.) On August 3, 2011, plaintiff "responded" to the State Department's letter and "again" sought to renounce his citizenship under § 1481(a)(6) in a letter to USCIS. (Compl. at 2 & Attach. D). When he received no response from either agency, plaintiff wrote both agencies on October 16, 2011, and again on February 13, 2012, "[w]hile preparing the case-in-chief . . . ." (*Id*. & Attachs. E, F.)

Plaintiff filed this civil action on March 19, 2012, from a correctional facility in Baltimore, Maryland. By letter of July 12, 2012, USCIS advised plaintiff that it could not proceed on his request "at this time" because a person renouncing his U.S. citizenship "while present in the United States [must] appear for an interview in person at a designated USCIS office." (Defs. Ex. 2.) USCIS informed plaintiff that it "will not interview potential renunciants by phone or video link, and will not travel to prisons or jails to conduct renunciation interviews," but that he was free to resubmit his renunciation request and evidence showing that he has "satisfied all the legal requirements for renunciation" after his release from prison. (*Id*.)

## ANALYSIS

### I.  LEGAL FRAMEWORK

United States law provides that a U.S. national "shall lose his nationality by voluntarily performing" any of a number of expatriating acts "with the intention of relinquishing United States nationality." 8 U.S.C. § 1481(a). When a U.S. national performs an expatriating act, he is "presumed to have done so voluntarily, but such presumption may be rebutted upon a showing, by a preponderance of the evidence, that the act or acts committed or performed were not done voluntarily." *Weber v. U.S. Dep't of State*, Civ. No. 12-0532, ___ F. Supp. 2d ___, ___, 2012 WL 3024751, at *3 (D.D.C. July 25, 2012) (quoting 8 U.S.C. § 1481(b)) (citing

*Lozada Colon v. U.S. Dep't of State*, 2 F. Supp. 2d 43, 45 (D.D.C. 1998) ("expatriation depends not only on the performance of an expatriating act, but also upon a finding that the individual performed such act 'voluntarily' and 'with the intention of relinquishing United States nationality' ").

In addition, "[w]henever a . . . consular officer of the United States has reason to believe that a person while in a foreign state has lost his United States nationality," that officer "shall certify the facts upon which such belief is based to the Department of State, in writing, under regulations prescribed by the Secretary of State," and "if the report of the . . . consular officer is approved by the Secretary of State," then a CLN shall be issued.  8 U.S.C. § 1501. "The State Department has issued regulations to implement 8 U.S.C. §§ 1481 and 1501 that (1) prescribe the 'form' of formal renunciations of nationality before consular officers and (2) prescribe regulations under which consular officers certify the facts that form the basis for the belief that a person abroad has lost his U.S. nationality." *Weber*, 2012 WL 3024751, at *3.

Although plaintiff states in his affidavit accompanying his renunciation request that he performed the expatriating act of declaring his allegiance to Canada, *see* 8 U.S.C. § 1481(a)(2), he seeks from the instant complaint an order to compel defendants to act on his alleged renunciation of citizenship under § 1481(a)(6) of the INA which states:

> A person who is a national of the United States whether by birth or naturalization, shall lose his nationality by . . . making in the United States a formal written renunciation of nationality in such form as may be prescribed by, and before such officer as may be designated by, the Attorney General, whenever the United States shall be in a state of war and the Attorney General shall approve such renunciation as not contrary to the interests of national defense . . . .[3]

---

[3] As defendants correctly note in footnote 3 of their memorandum of law, members of this Court have found that "the responsibility [to administer § 1481(a)(6)] [now] lies with the Director of the U.S. Citizenship and Immigration Services . . ., a component of Homeland Security." *Walker v. Holder*, 714 F. Supp. 2d 44, 47 (D.D.C. 2010) (citing *Kaufman v. Holder*, 686 F. Supp. 2d 40,

8 U.S.C. § 1481(a)(6). Defendants argue first that plaintiff's mandamus claim fails because the act he seeks to compel from the State Department – issuing a CLN – is discretionary and next that plaintiff's claim is moot since the USCIS has responded to his request for renunciation under subsection (a)(6). They are correct on both points.

## II.   MANDAMUS

This Court has "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff ." 28 U.S.C. § 1361. The minimum requirements for a writ of mandamus to issue are: (1) that the plaintiff has a clear and indisputable right to relief, (2) that the defendant has a clear, nondiscretionary duty to act, and (3) that the plaintiff has exhausted all other avenues of relief and has no other adequate remedy available to him. *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002); *Bond v. U.S. Dep't of Justice*, 828 F. Supp. 2d 60, 75 (D.D.C. 2011). Even if the plaintiff overcomes these hurdles, whether mandamus relief should issue is discretionary, *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005), and typically there must be some "compelling equitable grounds" for mandamus to issue. *Nat'l Shooting Sports Found. v. Jones*, 840 F. Supp. 2d 310, 323 (D.D.C. 2012) (citations and quotation marks omitted). Mandamus is "a drastic remedy, to be invoked only in extraordinary circumstances," and only with "great caution." *Banks v. Off. of Senate Sergeant–at–Arms and Doorkeeper of U.S. Senate*, 471 F.3d 1341, 1349-50 (D.C. Cir. 2006) (internal quotation marks and citations omitted). In particular, "writs of mandamus compelling agency action are 'hardly ever granted.' " *Bond*, 828 F. Supp. 2d at 75 (quoting *Cheney*, 406 F.3d at 729).

---

41 (D.D.C. 2010)). Hence, pursuant to 6 U.S.C. § 557, the Attorney General's authority under subsection(a)(6) has been transferred to the Secretary of Homeland Security.

This Court recently denied mandamus relief to an applicant seeking a CLN after finding that the Secretary's decision to issue a CLN is a discretionary act. *Weber*, 2012 WL 3024751, at * 4. Nothing in this case compels a different result. Furthermore, since the USCIS has performed the only ministerial duty owed plaintiff by responding to his request to renounce his citizenship, a fact plaintiff concedes, Pl.'s Opp'n [Dkt. # 17] at 2, 4, the Court has no further function to perform and, therefore, will dismiss the mandamus claim as moot. *See accord Schnitzler v. U.S.*, Civ. No. 11-1318, ___ F. Supp. 2d ___, ___, 2012 WL 1893582, at *2 (D.D.C. May 25, 2012) ("To the extent that defendant Homeland Security had a ministerial duty to act on the plaintiff's application to renounce his citizenship, which is also the relief the plaintiff seeks from the complaint, it has done so.") (citations omitted).

### III.   ADMINISTRATIVE PROCEDURE ACT

The provisions of the APA relevant to plaintiff's claim are those that direct the reviewing court to "compel agency action unlawfully withheld," 5 U.S.C. § 706(1), and "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Plaintiff argues that the USCIS' letter "is clearly in violation of the agency discretion that it may enjoy as afforded . . . by the statute, and therefore the response is arbitrary, capricious, or otherwise in violation of the law." Pl.'s Opp'n at 4. Plaintiff contends correctly that "[t]he plain language of the statute does not encumber a person to visit a USCIS office . . . and does not [require a citizen] to be interviewed by the USCIS." *Id*. at 6. But the statute requires the agency to assess the voluntariness of an applicant's renouncement without stating how such an assessment should occur. "[W]hen an agency is compelled by law to act, but the manner of its action is left to the agency's discretion, the 'court can compel the agency to act, [although it] has no power to specify

what th[at] action must be.' " *Kaufman v. Mukasey*, 524 F.3d 1334, 1338 (D.C. Cir. 2008) (quoting *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 65 (2004)) (alterations in original).

While "APA cases are typically decided via summary judgment," on a factually developed administrative record, *Weber*, 2012 WL 3024751, at *5, the USCIS' reasonable explanation based on plaintiff's incarceration, Defs.' Ex. 2, provides a sufficient record for the Court to find that no APA violation resulted from the USCIS' action. *See Schnitzler*, 2012 WL 1893582, at *2 (agreeing with the USCIS that no prejudice arises from holding a prisoner's renunciation "application in abeyance until he is able to comply with § 1481(a)(6)") (citing, *inter alia, Koos v. Holm*, 204 F. Supp. 2d 1099, 1108 (W.D.Tenn. 2002) ("Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system," quoting *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)).

While it appears from the instant record that the State Department still has not addressed plaintiff's request for a CLN, the Court will not prolong the inevitable dismissal of this case by compelling the State Department to perform what surely would be a futile gesture. The INA provides that:

> Except as provided in paragraphs (6) and (7) of section 1481(a) of this title, no national of the United States can lose United States nationality under this chapter while within the United States . . ., but loss of nationality shall result from the performance within the United States or any of its outlying possessions of any of the acts or the fulfillment of any of the conditions specified in this part if and when the national thereafter takes up a residence outside the United States and its outlying possessions.

8 U.S.C. § 1483(a). As long as plaintiff is incarcerated in the United States, he cannot lose his nationality and, thus, does not qualify for a CLN. Hence, not only does plaintiff fail to state a claim but he lacks standing to pursue the claim because any alleged injury is not "redressable by

judicial relief." *Stilwell v. Office of Thrift Supervision*, 569 F.3d 514, 518 (D.C. Cir. 2009) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)) (other citation omitted); *see also Schnitzler*, 2012 WL 1893582, at *2 (prisoner lacked standing to challenge the constitutionality of § 1481(a)(5), (6), since no prejudice would arise from holding his application in abeyance until he is able to comply with the statute).

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED. A separate Order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: October 20, 2012